## APPEAL OF FIRSCHING KNITTING MILLS, INC.

Docket No. 4661.   Decided July 22, 1926.

*Held*, that the amount of certain notes payable involved herein should not be included in the taxpayer's invested capital.

*William N. Tulloch, C. P. A.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before MARQUETTE and GREEN.

This appeal is from the determination of a deficiency in income and profits tax for the fiscal year ended March 31, 1920, in the amount of $7,166.98, of which so much is in controversy as arises from the addition by the Commissioner of the amount of $16,344 to the taxpayer's closing inventory for the year involved and the reduction of its invested capital by the amount of $74,500.

### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office and place of business at Utica, N. Y., and is engaged in manufacturing knitted textile products. It was organized in the year 1918, with an authorized capital stock of $100,000, to take over the business conducted by one J. A. Firsching, the net worth of which at that time was $57,401.72. Firsching turned over his business to the corporation and also paid to it $2,598.28 in cash, and received therefor stock of the corporation of the par value of $60,000.

At the time the corporation took over Firsching's business there were outstanding $74,500 of notes payable to certain banks which were endorsed by Firsching and secured by assets owned by him other than those turned over to the corporation. These notes were assumed by the corporation and the amount thereof included in its invested capital as paid-in surplus. During the fiscal year ended March 31, 1920, the corporation paid interest on these notes in the amount of $3,454.08, but did not claim the amount so paid as a deduction from gross income.

Upon audit of the taxpayer's income and profits-tax return for the fiscal year ended March 31, 1920, the Commissioner excluded from invested capital the amount of $74,500 represented by the notes referred to, and allowed the interest paid thereon as a deduction from gross income. The Commissioner also increased the taxpayer's closing inventory by the amount of $16,344. At the hearing, the Commissioner, however, admitted that he was in error in increasing the taxpayer's closing inventory and that the inventory as taken by the taxpayer is correct.

### OPINION.

MARQUETTE: The Commissioner has conceded that the taxpayer's closing inventory as used by it in making its return of income for the fiscal year ended March 31, 1920, is correct; that he was in error in increasing the inventory by the amount of $16,344, and that the taxpayer's income should be adjusted accordingly. This leaves for consideration only the question as to whether or not the taxpayer is entitled to include in its invested capital, for the year involved herein, the amount of $74,500, represented by notes payable by Firsching to certain banks, which the taxpayer assumed when it took over Firsching's business. No evidence was presented relative to this issue, except a report of an examination made by a revenue agent, which was admitted by agreement of counsel. The only facts before the Board concerning the amount of $74,500 which the taxpayer seeks to include in invested capital are those admitted by the pleadings and contained in the report of the revenue agent. While these facts are rather meager, they are, however, sufficient, we think, to show that the corporation, when it took over Firsching's business, acquired all of the assets and assumed the liabilities thereof, and issued stock to him of a par value equal to the net worth of the business. The notes involved herein were assumed by the taxpayer, together with the other liabilities of the business, and became its obligations regardless of the fact that they were endorsed and secured by Firsching. They represented borrowed capital and could no more be properly included in the taxpayer's invested capital than any other notes or accounts payable. We are of the opinion that the Commissioner's action in excluding from the taxpayer's invested capital the amount represented by these notes was proper.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*